# EXHIBIT 10

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Harris M. Mufson
Direct: +1 212.351.3805
Fax: +1 212.817.9505
HMufson@gibsondunn.com

Client: 80569-00002

March 16, 2022

VIA E-MAIL (SMGUGLIELMINO68@GMAIL.COM)

Scott Guglielmino
1191 Marion Road
Cheshire, CT 06410-1451

Mr. Guglielmino:

We represent Relevent Sports, LLC ("Relevent"), the premier soccer and media company in North America and Asia.

My client understands that you have partnered with Charlie Stillitano (Relevent's former Executive Chairman) to compete with Relevent and organize soccer events in the United States, including matches involving Barcelona, Juventus and Real Madrid. We also understand that you have been attempting to sell the television rights to those soccer matches to various networks, including ESPN. In addition, as has been widely reported, you and Mr. Stillitano formed a venture to market Serie A and exploit its media rights. This information is deeply concerning to Relevent because Mr. Stillitano's Employee Covenants Agreement (the "Agreement") expressly prohibits Mr. Stillitano from engaging with third parties for the purpose of organizing soccer events for a one year period after the cessation of his employment. Yet, that is precisely what you and Mr. Stillitano have been doing.

So we are clear, Paragraph 3 of the Agreement provides, in relevant part, that for one (1) year after the last day of Mr. Stillitano's employment with Relevent, he shall not: (a) directly or indirectly engage in any business (whether as an employee, consultant, director, officer, partner, member, investor or shareholder) that is a "Competitive Business"; or (b) directly or indirectly seek to diminish the relationships between the Company (and its parents, subsidiaries and affiliates) and any of their investors, clients, customers, sponsors, collaborators, participant soccer clubs or teams, vendors or service providers or seek, directly or indirectly, to divert such relationships for Mr. Stillitano's personal benefit or other person or entity with whom Mr. Stillitano may then be employed or otherwise associated. The Agreement expressly defines "Competitive Business" as (a) a business that is in competition with any business of the Company (and its parents, subsidiaries and affiliates); and (b) ***any business, profession, or other endeavor that directly or indirectly engages in the staging, organization, promotion, marketing or commercialization of international soccer events or rights related thereto, anywhere in the world.*** A copy of the Agreement is attached for your reference.

GIBSON DUNN

Scott Guglielmino
March 16, 2022
Page 2

Mr. Stillitano's employment with Relevent ended on May 7, 2021.  He therefore remains subject to the non-competition restriction in the Agreement.  We trust that you will not interfere with Relevent's contractual agreement with Mr. Stillitano and therefore cease any and all business dealings with Mr. Stillitano through the remainder of his non-competition period.  Should you have any questions about this matter, please do not hesitate to contact me.

Sincerely,

*Harris M. Mufson*

Harris M. Mufson

HMM/al

105233698.1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Harris M. Mufson
Direct: +1 212.351.3805
Fax: +1 212.817.9505
HMufson@gibsondunn.com

Client: 80569-00002

March 23, 2022

VIA E-MAIL (CHRISTIANUNGER48@GMAIL.COM)

Mr. Christian Unger

Mr. Unger:

We represent Relevent Sports, LLC ("Relevent"), the premier soccer and media company in North America and Asia.

My client understands that you have partnered with Charlie Stillitano (Relevent's former Executive Chairman) to compete with Relevent and organize soccer events in the United States, including matches involving Barcelona, Juventus and Real Madrid. We also understand that you have been attempting to sell the television rights to those soccer matches to various networks. This information is deeply concerning to Relevent because Mr. Stillitano's Employee Covenants Agreement (the "Agreement") expressly prohibits Mr. Stillitano from engaging with third parties for the purpose of organizing soccer events for a one year period after the cessation of his employment. Yet, that is precisely what you and Mr. Stillitano have been doing.

So we are clear, Paragraph 3 of the Agreement provides, in relevant part, that for one (1) year after the last day of Mr. Stillitano's employment with Relevent, he shall not: (a) directly or indirectly engage in any business (whether as an employee, consultant, director, officer, partner, member, investor or shareholder) that is a "Competitive Business"; or (b) directly or indirectly seek to diminish the relationships between the Company (and its parents, subsidiaries and affiliates) and any of their investors, clients, customers, sponsors, collaborators, participant soccer clubs or teams, vendors or service providers or seek, directly or indirectly, to divert such relationships for Mr. Stillitano's personal benefit or other person or entity with whom Mr. Stillitano may then be employed or otherwise associated. The Agreement expressly defines "Competitive Business" as (a) a business that is in competition with any business of the Company (and its parents, subsidiaries and affiliates); and (b) ***any business, profession, or other endeavor that directly or indirectly engages in the staging, organization, promotion, marketing or commercialization of international soccer events or rights related thereto, anywhere in the world.***

Mr. Stillitano's employment with Relevent ended on May 7, 2021. He therefore remains subject to the non-competition restriction in the Agreement. We trust that you will not

# GIBSON DUNN

Chris Unger
March 23, 2022
Page 2

interfere with Relevent's contractual agreement with Mr. Stillitano and therefore cease any and all business dealings with Mr. Stillitano through the remainder of his non-competition period. Absent your cooperation, Relevent will be left with no choice but to pursue legal action to protect its contractual rights.

Should you have any questions about this matter, please do not hesitate to contact me. If you are represented by counsel, please have your counsel contact me.

Sincerely,

*Harris M. Mufson*

Harris M. Mufson

HMM/al

105240475.1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Harris M. Mufson
Direct: +1 212.351.3805
Fax: +1 212.817.9505
HMufson@gibsondunn.com

Client: 80569-00002

March 23, 2022

VIA E-MAIL (KWAMEBRYAN16@GMAIL.COM)

Mr. Kwame Bryan

Mr. Bryan:

We represent Relevent Sports, LLC ("Relevent"), the premier soccer and media company in North America and Asia.

My client understands that you are working with Charlie Stillitano (Relevent's former Executive Chairman) to compete with Relevent and organize soccer events in the United States, including matches involving Barcelona, Juventus and Real Madrid. We also understand that you have been attempting to reserve venues and assist with marketing for these events. This information is deeply concerning to Relevent because Mr. Stillitano's Employee Covenants Agreement (the "Agreement") expressly prohibits Mr. Stillitano from engaging with third parties for the purpose of organizing soccer events for a one year period after the cessation of his employment. Yet, that is precisely what you and Mr. Stillitano have been doing.

So we are clear, Paragraph 3 of the Agreement provides, in relevant part, that for one (1) year after the last day of Mr. Stillitano's employment with Relevent, he shall not: (a) directly or indirectly engage in any business (whether as an employee, consultant, director, officer, partner, member, investor or shareholder) that is a "Competitive Business"; or (b) directly or indirectly seek to diminish the relationships between the Company (and its parents, subsidiaries and affiliates) and any of their investors, clients, customers, sponsors, collaborators, participant soccer clubs or teams, vendors or service providers or seek, directly or indirectly, to divert such relationships for Mr. Stillitano's personal benefit or other person or entity with whom Mr. Stillitano may then be employed or otherwise associated. The Agreement expressly defines "Competitive Business" as (a) a business that is in competition with any business of the Company (and its parents, subsidiaries and affiliates); and (b) ***any business, profession, or other endeavor that directly or indirectly engages in the staging, organization, promotion, marketing or commercialization of international soccer events or rights related thereto, anywhere in the world.***

Mr. Stillitano's employment with Relevent ended on May 7, 2021. He therefore remains subject to the non-competition restriction in the Agreement. We trust that you will not interfere with Relevent's contractual agreement with Mr. Stillitano and therefore cease any

# GIBSON DUNN

Mr. Kwame Bryan
March 23, 2022
Page 2

and all business dealings with Mr. Stillitano through the remainder of his non-competition period. Absent your cooperation, Relevent will be left with no choice but to pursue legal action to protect its contractual rights.

Should you have any questions about this matter, please do not hesitate to contact me. If you are represented by counsel, please have your counsel contact me.

Sincerely,

*Harris M. Mufson*

Harris M. Mufson

HMM/al

105260130.1