UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RELEVENT SPORTS, LLC,                                     :
:
                                    Plaintiff,            :
:
                - against -                               :
:                     Case No: 1:22-cv-02917-VM
:
CARMELO STILLITANO,                                       :
:
                                    Defendant.            :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF DEPOSITION OF CARMELO STILLITANO

PLEASE TAKE NOTICE that, pursuant to the Court's Order to Show Cause For

Preliminary Injunction and Temporary Restraining Order, Rules 26 and 30 of the Federal Rules

of Civil Procedure (the "Federal Rules"), and the Local Civil Rules of the United States District

Court for the Southern District of New York (the "Local Rules"), Plaintiff Relevent Sports, LLC

("Relevent"), by and through their attorneys, will take the deposition upon oral examination of

Carmelo Stillitano.  The deposition will take place remotely on a virtual video and audio

platform hosted by Gregory Edwards LLC on April 19, 2022 at 10 a.m. ET, or at another

mutually agreed upon time.  The deposition, if not completed on the specified date, will continue

at another mutually agreed upon time and place until such date as is necessary to complete the

deposition.

The deposition will be conducted remotely, under oath by an officer authorized to take

such testimony. The deposition will be recorded by stenographic means and will also be recorded

by sound and visual (videotape) means.  A real-time transcription service such as LiveNote may

be used during the deposition.

In addition, Relevent reserves the right to: (1) record the deposition using audio or video technology; (2) use instant visual display technology such that the court reporter's transcription of the proceeding will be displayed simultaneously to any laptop, iPad, tablet or other display device connected to the court reporter; and (3) conduct this deposition using a paperless exhibit display process.  In lieu of a paper set of exhibits, exhibits may be provided and displayed digitally to deponent, parties, and counsel.  The exhibits will be compiled by the deposition officer or court reporter for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Dated:  New York, New York          GIBSON, DUNN & CRUTCHER LLP
        April 11, 2022


                                    By:  /s/ Harris M. Mufson
                                        Harris M. Mufson
                                        200 Park Avenue
                                        New York, NY 10166
                                        Tel.:  212.351.3805
                                        Fax:  212.817.9505
                                        hmufson@gibsondunn.com

                                        *Attorneys for Plaintiff Relevent Sports, LLC*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2022, I served a copy of the foregoing document on the

following parties in the manner indicated:

BY ELECTRONIC MAIL

Benjamin S. Noren, Esq.
Larry Hutcher, Esq.
William H. Mack, Esq.
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158
bn@dhclegal.com
lkh@dhclegal.com
whm@dhclegal.com

*Counsel for Defendant Carmelo Stillitano.*

*/s/ Harris M. Mufson*
Harris M. Mufson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RELEVENT SPORTS, LLC,                                                  :
                                                                        :
                                    Plaintiff,                          :
                                                                        :
            - against -                                                 :
                                                                        :        Case No: 1:22-cv-02917-VM
                                                                        :
CARMELO STILLITANO,                                                     :
                                                                        :
                                    Defendant.                          :
                                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF RELEVENT SPORTS, LLC'S FIRST EXPEDITED SET OF INTERROGATORIES TO DEFENDANT CARMELO STILLITANO

Pursuant to the Court's Order to Show Cause For Preliminary Injunction and Temporary Restraining Order, Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rule 33.3 of the Local Rules for the United States District Court for the Southern District of New York, Plaintiff Relevent Sports, LLC ("Relevent") by and through its attorneys, hereby request that Defendant Carmelo "Charlie" Stillitano ("Stillitano") answer the following Interrogatories in writing and under oath, subject to the penalties of perjury, by April 15, 2022.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff Relevent hereby incorporates by reference the definitions and instructions set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Southern District of New York, including but not limited to Local Rules 26.3. The following additional or more specific definitions and instructions are also to be used in responding to these Interrogatories:

1.      As used herein, "Plaintiff" and/or "Relevent" refers to Plaintiff Relevent Sports, LLC, and each and all of its respective managers, members, managing members, shareholders, officers,

directors, representatives, agents, employees, partners, affiliates, assigns, attorneys, accountants, predecessors, successors and all other persons or entities acting or purporting to act on its behalf or under its control.

2.      As used herein, "Stillitano," "You," "Your," and/or "Defendant" refers to Defendant Carmelo "Charlie" Stillitano and his respective employees, assigns, agents, attorneys, accountants, representatives, business partners , and all persons presently or previously acting or purporting to act on behalf of Stillitano.

3.      As used herein, the term "Action" refers to the matter captioned *Relevent Sports, LLC v. Carmelo Stillitano* pending before the United States District Court for the Southern District of New York, Civil Action No. 1:22-cv-02917-VM.

4.      As used herein, the term "Complaint" refers to the Verified Complaint filed by Relevent on April 7, 2022 in the Action.  To the extent that any further amended or supplemental Complaints are filed hereafter, and for purposes of the duty to supplement your responses to these Requests, the term "Complaint" generally refers to the most recently filed Complaint in this Action.

5.      As used herein, the term "PI Application" refers to Relevent's Memorandum of Law in Support of Its Application for a Temporary Restraining Order, A Preliminary Injunction, and Expedited Discovery filed by Relevent on April 7, 2022 in the Action.

6.      As used herein, the term "European Football Clubs" refers to any European football clubs with whom Relevent has or had a business relationship during Stillitano's employment with Relevent, including, without limitation, A.C. Milan, Arsenal F.C., A.S. Roma, Atletico Madrid, Celtic F.C., Everton F.C., FC Barcelona, Chelsea F.C., Inter Milan, Juventus, La Liga, LA Galaxy, Leicester City F.C., Liverpool F.C., Manchester United, S.S.C. Napoli, Olympique Lyonnais, Paris Saint-Germain, Rangers R.C., Real Madrid, and Tottenham Hotspur F.C.

7.      As used herein, the term "Covenants Agreement" refers to Stillitano's Employee Covenants Agreement dated June 21, 2018.

8.      As used herein, "concerning" means relating to, referring to, describing, evidencing, reflecting, regarding, discussing, comprising, or constituting.

9.      As used herein, "possession" means documents that are in the possession, custody, or control of Stillitano.

10.      As used herein, "person" means any natural person or any company, firm, partnership, proprietorship, corporation, joint venture, trust, or any other legal or governmental entity, group, organization, or association.

11.      As used herein, "identify" in reference to a person means to give, to the extent known, the person's full name, present or last known address, and when in reference to a natural person, additionally, the present or last place of employment. Once a person has been identified, only the name of that person needs to be listed in response to subsequent Interrogatories requesting the identification of such person.

12.      As used herein, "identity" in reference to documents means to give, to the extent known, the (i) type of document; (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s) and recipient(s). Alternatively, Stillitano may produce the document, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

13.      As used herein, "communicate," "communicated," or "communication" mean any act or instance of transferring, transmitting, passing, delivering or giving information in the form of facts, ideas, thoughts, inquiries or otherwise by any means whatsoever.  A request for communications includes correspondence, faxes, text messages, instant messages, Tweets, or other electronic communications, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes,

discs, telephone tape recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production all documents that might otherwise be construed to be outside of its scope.

15.     The use of the singular form of any word includes the plural and vice versa.

16.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

17.     In responding to these Interrogatories, you are required to furnish all information that is available to you, including information in the possession, custody, or control of your assigns, agents, attorneys, accountants, representatives, business partners (including without limitation Scott Guglielmino ("Guglielmino"), Kwame Bryan ("Bryan"), and Christian Unger ("Unger")), and all persons presently or previously acting or purporting to act on behalf of Stillitano.

18.     If an objection is made to any Interrogatory or a portion thereof, the objection shall state with specificity all grounds for such objection.

19.     If, in answering any of these Interrogatories, you claim any ambiguity in interpreting either the Interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

20.     If you contend that any Interrogatory herein calls for any information that is subject to the attorney-client privilege, work-product protection or any other legal privilege or protection, identify the specific grounds on which you are asserting a privilege or protection, on whose behalf the privilege or protection exists, and each person whom you know or believe has knowledge of such

information.

21.     If you cannot answer any of these Interrogatories in full, you should answer to the extent possible, and specify the reasons for your inability to answer the remainder of the Interrogatory and state whatever information, knowledge, or belief you have concerning the unanswered portion.

22.     These Interrogatories are continuing in nature. If, after answering, you obtain or become aware of any further information responsive to these Interrogatories, you are required to produce such additional information as required by Fed. R. Civ. P. 26(e).

## INTERROGATORIES

1.     Identify each person with knowledge and/or information concerning the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application.

2.     Identify each person (excluding counsel) with whom Stillitano has communicated either in person, by telephone, email, or in writing concerning the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application.

3.     Identify each person with whom Stillitano communicated (oral or written) regarding the Covenants Agreement.

4.     Identify each person or entity with whom Stillitano has communicated (oral or written) concerning the organization or marketing of any soccer events to occur after May 7, 2021.

5.     Identify each person who has knowledge or information concerning Stillitano's involvement in the organization or marketing of any soccer events to occur in or around summer 2022.

6.      Identify all individuals with whom Stillitano has engaged in a business relationship for the purpose of organizing or marketing soccer events to occur after May 7, 2021; and for each response, identify the date such business relationship was formed.

7.      Identify each person who has knowledge or information concerning Stillitano's recruitment, engagement, and/or employment with Lega Serie A.

8.      Identify the "series of events, programs and social initiatives" Stillitano has planned for Lega Serie A, as alleged in Paragraph 35 of the Complaint.

9.      Identify each person (excluding counsel) with whom Stillitano has communicated either orally or in writing concerning Relevent's communication with Stillitano dated November 29, 2021, as alleged in Paragraph 36 of the Complaint.

10.     Identify each European Football Club (and the name of each individual at such club) with whom Stillitano communicated (oral or written) concerning the organization or marketing of any soccer events to occur after May 7, 2021.

11.     Identify each venue (and the name of each individual at such venue) with whom Stillitano communicated (oral or written) concerning the organization or marketing of any soccer events to occur after May 7, 2021.

12.     Identify the venues and dates of any soccer events that Stillitano organized or marketed or attempted to organize or market since his employment with Relevent ended on May 7, 2021.

13.     Identify each media company (and the name of each individual at such media company) with whom Stillitano communicated (oral or written) concerning the organization or marketing of any soccer events to occur after May 7, 2021.

14.     Identify each person who has knowledge or information concerning Stillitano's involvement with any soccer matches between FC Barcelona and Real Madrid to be played in or around summer 2022, as alleged in Paragraph 45 of the Complaint.

15.     Identify each person who has knowledge or information concerning FC Barcelona's "prior agreement to work with Stillitano and his business partners," as alleged in Paragraph 48 of the Complaint, and the dates when any communication occurred and where such communication occurred.

16.     Identify each person employed by or affiliated with Key Capital Partners, LLP with whom Stillitano communicated (oral or written) regarding the organization or marketing of soccer events to occur after May 7, 2021.

17.     Identify each person employed by or affiliated with S22 USA, LLC with whom Stillitano communicated (oral or written) regarding the organization or marketing of soccer events to occur after May 7, 2021.

18.     Identify each branding agency (and the name of each individual at such branding agency) with whom Stillitano communicated (oral or written) concerning the sponsorship or marketing of any soccer events to occur after May 7, 2021.

19.     Identify each person with whom Stillitano communicated (oral or written) concerning the reduction of his salary with Relevent, effective May 1, 2020.

20.     Identify each person with whom Stillitano communicated (oral or written) concerning his request to terminate his employment with Relevent, as alleged in Paragraph 32 of the Complaint.

21.     Identify each person with whom Stillitano communicated (oral or written) regarding Relevent's letter to Stillitano, dated February 1, 2022, as alleged in Paragraph 39 of the Complaint.

22.     Identify each person with whom Stillitano communicated (oral or written) regarding Stillitano's letter to Relevent dated February 7, 2022, as alleged in Paragraph 40 of the Complaint.

23.     Identify all persons who are known by Stillitano to be in possession of documents concerning the allegations set forth in the Complaint, or Stillitano's defenses thereto.

Dated: New York, New York
         April 11, 2022

                              GIBSON, DUNN & CRUTCHER LLP

                              By:  _/s/ Harris M. Mufson_____
                                   Harris M. Mufson
                                   200 Park Avenue
                                   New York, NY 10166
                                   Tel.:  212.351.3805
                                   Fax:  212.817.9505
                                   hmufson@gibsondunn.com

                                   *Attorneys for Plaintiff Relevent Sports, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2022, I served a copy of the foregoing document on the following parties in the manner indicated:

8

BY ELECTRONIC MAIL

Benjamin S. Noren, Esq.
Larry Hutcher, Esq.
William H. Mack, Esq.
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158
bn@dhclegal.com
lkh@dhclegal.com
whm@dhclegal.com

*Counsel for Defendant Carmelo Stillitano.*

*/s/ Harris M. Mufson*
Harris M. Mufson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RELEVENT SPORTS, LLC,                                     :
                                                          :
                              Plaintiff,                  :
                                                          :
                - against -                               :
                                                          :        Case No: 1:22-cv-02917-VM
                                                          :
CARMELO STILLITANO,                                       :
                                                          :
                              Defendant.                  :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFF RELEVENT SPORTS, LLC'S FIRST REQUEST FOR THE EXPEDITED PRODUCTION OF DOCUMENTS TO DEFENDANT CARMELO STILLITANO

Pursuant to the Court's Order to Show Cause For Preliminary Injunction and Temporary Restraining Order and Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Relevent Sports, LLC ("Relevent") by and through its attorneys, hereby request that Defendant Carmelo "Charlie" Stillitano ("Stillitano") produce and permit Relevent to inspect and copy the documents described below. The documents shall be produced at the office of Gibson, Dunn & Crutcher LLP, Attn: Harris M. Mufson, 200 Park Avenue, New York, NY 10016, hmufson@gibsondunn.com by April 15, 2022.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request, regardless of whether upper- or lower-case letters are used for the defined terms, and are incorporated into each Request as if fully set forth therein:

1.      As used herein, "Requests" refers to Relevent's First Request for the Expedited Production of Documents to Stillitano.

2.      As used herein, "Plaintiff" and/or "Relevent" refers to Plaintiff Relevent Sports, LLC,

and each and all of its respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, affiliates, assigns, attorneys, accountants, predecessors, successors and all other persons or entities acting or purporting to act on its behalf or under its control.

3. As used herein, "Stillitano," "You," "Your," and/or "Defendant" refers to Defendant Carmelo "Charlie" Stillitano and his respective employees, assigns, agents, attorneys, accountants, representatives, business partners, and all persons presently or previously acting or purporting to act on behalf of Stillitano.

4. As used herein, the term "Action" refers to the matter captioned *Relevent Sports, LLC v. Carmelo Stillitano* pending before the United States District Court for the Southern District of New York, Civil Action No. 1:22-cv-02917-VM.

5. As used herein, the term "Complaint" refers to the Verified Complaint filed by Relevent on April 7, 2022 in the Action.  To the extent that any further amended or supplemental Complaints are filed hereafter, and for purposes of the duty to supplement your responses to these Requests, the term "Complaint" generally refers to the most recently filed Complaint in this Action.

6. As used herein, the term "PI Application" refers to Relevent's Memorandum of Law in Support of Its Application for a Temporary Restraining Order, A Preliminary Injunction, and Expedited Discovery filed by Relevent on April 7, 2022 in the Action.

7. As used herein, the term "European Football Clubs" refers to any European football clubs with whom Relevent has or had a business relationship during Stillitano's employment with Relevent, including, without limitation, A.C. Milan, Arsenal F.C., A.S. Roma, Atletico Madrid, Celtic F.C., Everton F.C., FC Barcelona, Chelsea F.C., Inter Milan, Juventus, La Liga, LA Galaxy, Leicester City F.C., Liverpool F.C., Manchester United, S.S.C. Napoli, Olympique Lyonnais, Paris

Saint-Germain, Rangers R.C., Real Madrid, and Tottenham Hotspur F.C.

8.      As used herein, the term "Confidential Information" refers to, without limitation, information concerning finances, business plans, trade secrets, intellectual property, operations, techniques, investments, project information, marketing plans, future transactions, employee lists, and compensation; information encompassed in materials, plans, proposals, and reports; and information that relates to Relevent's computer systems and computer technology, as defined in Stillitano's Employee Covenants Agreement dated June 21, 2018 (the "Covenants Agreement").

9.      As used herein, "concerning" means relating to, referring to, describing, evidencing, reflecting, regarding, discussing, comprising, or constituting.

10.      As used herein, "possession" means documents that are in the possession, custody, or control of Stillitano.

11.      As used herein, "document" shall have the broadest meaning ascribed to it by Fed. R. Civ. P. 34, in hard or soft format, including, without limitation, all writings and records, including, without limitation, originals and all copies (electronic or print), unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, any form of communication, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), text messages, Snapchats, Tweets, LinkedIn messages, reports, financial statements, notes (including, without limitation, stenographic notes), records, envelopes, telephone logs, messages (including, without limitation, reports, notes and memoranda of personal or other telephone conversations and conferences), contracts, agreements, summaries, photographs, or other recordings, disks, printouts and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings or documents of whatever description

or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession, custody, or control of Stillitano, Stillitano's counsel, and/or any other person acting on Stillitano's behalf, including, without limitation, any material described above that originally may have been generated by any party hereto and is now in Stillitano's possession, custody, or control.  "Document" shall also include all drafts or non-identical copies of the Documents defined above.

12.     As used herein, "person" means any natural person or any company, firm, partnership, proprietorship, corporation, joint venture, trust, or any other legal or governmental entity, group, organization, or association.

13.     As used herein, "communicate," "communicated," or "communication" mean any act or instance of transferring, transmitting, passing, delivering or giving information in the form of facts, ideas, thoughts, inquiries or otherwise by any means whatsoever.  A request for communications includes correspondence, faxes, text messages, instant messages, Tweets, or other electronic communications, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production all documents that might otherwise be construed to be outside of its scope.

15.     The use of the singular form of any word includes the plural and vice versa.

16.     The terms "all," "any," and "each" shall be construed as encompassing any and all.

17.     Any descriptions or examples of documents provided hereinafter are illustrative

only and do not limit the request of those particular documents or types of documents, as if it were explicitly noted that such request was "without limitation" in the stated examples.

## **INSTRUCTIONS**

1.      In producing documents, you are requested to furnish all documents known or available to you regardless of whether the documents are possessed: directly by you, your agents, employees, representatives, or investigators; by your present or former attorneys, or their agents, employees, representatives or investigators, or other entities controlled by or in any manner affiliated with you.

2.      If any document cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the non-produced portion.

3.      If, in answering any of these Requests, you claim any ambiguity in interpreting either the Request or a Definition or Instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

4.      These Requests are continuing in nature.  If, after producing documents, you obtain or become aware of any further documents responsive to this Request, you are required to produce such additional documents as required by Fed. R. Civ. P. 26(e).

5.      If any document is produced in redacted form, that portion of the document which is redacted, should be identified and the response should, with respect to each such redaction, identify the ground or grounds for producing the document in redacted form.

6.      If any of the documents requested is claimed to be immune from discovery on the grounds of privilege or exemption, you should serve a written list of withheld documents, including

the following information as to each such document, describing the document alleged to be privileged in detail sufficient to enable the Court to decide if the privilege has been properly invoked:

    (a)    type of document (e.g., letter, memorandum, notes, e-mail, etc.);
    (b)    name of author(s) or preparer(s);
    (c)    name of recipient(s);
    (d)    date(s) of recording or preparation;
    (e)    description of the subject matter and content sufficient to identify it;
    (f)    length of document; and
    (g)    reason for claim of privilege or exemption from discovery.

7.    Pursuant to Fed. R. Civ. P. 34(b), documents should either be organized and labeled to correspond with the categories in this Request or produced as they are kept in the normal course of business.

8.    Unless otherwise specified, the relevant time period covered by these Requests extends from January 1, 2020 through the date of Stillitano's production.

## DOCUMENTS TO BE PRODUCED

1.    All documents concerning the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application.

2.    All documents concerning Stillitano's Covenants Agreement with Relevent.

3.    All communications between Stillitano and Scott Guglielmino ("Guglielmino") concerning the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, the organization and/or marketing of any soccer events to occur after May 7, 2021.

4.    All communications between Stillitano and Guglielmino concerning Relevent's letter to Guglielmino dated March 16, 2022, as referenced in Paragraph 47 of the Complaint.

6

5.      All communications between Stillitano and Guglielmino concerning Lega Serie A.

6.      All communications between Stillitano and Lega Serie A (or its agents) concerning the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, Lega Serie A's presence in the United States.

7.      All communications between Stillitano and Lega Serie A (or its agents) concerning Stillitano's recruitment, engagement, and/or employment with Lega Serie A.

8.      All communications between Stillitano and Lega Serie A (or its agents) concerning the "series of events, programs and social initiatives" that Stillitano was planning at Lega Serie A, as referenced in Paragraph 35 of the Complaint.

9.      All agreements and draft agreements, between Stillitano and Lega Serie A (or its agents), including, without limitation, agreements and draft agreements concerning Stillitano's terms of engagement or employment, restrictive covenants, representations as to pre-existing covenants, and/or indemnification.

10.     All documents concerning Stillitano's efforts to promote Lega Serie A's events, tournaments, programs, social initiatives, and endeavors in the United States.

11.     All communications between Stillitano and Lega Serie A (or its agents) concerning Relevent's communications to Stillitano on November 29, 2021, as referenced in Paragraph 36 of the Complaint.

12.     All communications between Stillitano and Kwame Bryan ("Bryan") regarding subject matter of the Action, the allegations asserted in the Complaint and PI Application, and/or the damages or other relief sought in the Complaint and PI Application, including, without limitation, documents concerning the organization or marketing of any soccer events to occur after

7

May 7, 2021.

13.     All communications between Stillitano and Bryan concerning Relevent's letter to Bryan dated March 23, 2022, as referenced in Paragraph 47 of the Complaint.

14.     All communications between Stillitano and Christian Unger ("Unger")  regarding the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, documents concerning the organization or marketing of any soccer events to occur after May 7, 2021.

15.     All communications between Stillitano and Unger concerning Relevent's letter to Unger dated March 23, 2022, as referenced in Paragraph 47 of the Complaint.

16.     All communications from May 7, 2021 to the present between Stillitano and any European Football Club (and its agents), concerning the marketing or organization of any soccer events to occur after May 7, 2021.

17.     All contracts, proposals and term sheets, including, without limitation, rights fee agreements and representation agreements, between Stillitano (and his agents and/or business partners) and any European Football Club concerning any European Football Club's participation in any soccer events to occur after May 7, 2021.

18.     All communications between Stillitano and FC Barcelona (or its agents) concerning FC Barcelona's participation in any soccer events to occur after May 7, 2021, including, without limitation, any matches with A.C. Milan, Juventus, and/or Real Madrid in summer 2022, as referenced in Paragraph 34 of the Complaint.

19.    All communications between Stillitano and FC Barcelona (or its agents) concerning FC Barcelona's participation in the pre-season match with Real Madrid at Allegiant Stadium in summer 2022, as referenced in Paragraph 45 of the Complaint.

20.    All agreements and draft agreements between Stillitano (and his agents and/or business partners) and FC Barcelona concerning FC Barcelona's participation in any soccer events to occur after May 7, 2021, as referenced in Paragraph 48 of the Complaint.

21.    All communications between Stillitano and Real Madrid (or its agents) concerning Real Madrid's participation in any soccer events, including, without limitation, any matches with A.C. Milan, Juventus, and FC Barcelona in summer 2022, as referenced in Paragraph 34 of the Complaint.

22.    All communications between Stillitano and Real Madrid (or its agents) concerning Real Madrid's participation in a pre-season match with FC Barcelona at Allegiant Stadium in summer 2022, as referenced in Paragraph 45 of the Complaint.

23.    All communications between Stillitano and Key Capital Partners, LLP ("Key Capital") (or its agents), regarding the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, but not limited, documents concerning the fee arrangements with A.C. Milan to participate in any soccer events to occur after May 7, 2021.

24.    All contracts, agreements and term sheets between Stillitano (and his agents and/or business partners) and Key Capital.

25.    All communications between Stillitano and any venues (or its agents) with whom Relevent had a business relationship during Stillitano's employment with Relevent (collectively, the "Performance Venues"), including, without limitation, Allegiant Stadium in Las Vegas,

Nevada; AT&T Stadium in Arlington, Texas; Levi's Stadium in Santa Clara, California; and the Rose Bowl Stadium in Pasadena California concerning the organization or marketing of any soccer events to occur after May 7, 2021.

26.    All draft and final contracts, including, without limitation, rights fee agreements, between Stillitano (and his agents and/or business partners) and any Performance Venues concerning any soccer events to occur after May 7, 2021.

27.    All communications between Stillitano and Allegiant Stadium (or its agents) concerning plans to organize a pre-season match between Real Madrid and FC Barcelona at Allegiant Stadium in summer 2022, as referenced in Paragraph 45 of the Complaint.

28.    All communications between Stillitano and ASM Global (or its agents) regarding the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, documents concerning the organization or marketing of any soccer events to occur after May 7, 2021.

29.    All communications between Stillitano and ASM Global (or its agents) concerning plans to organize a pre-season match between Real Madrid and FC Barcelona at Allegiant Stadium in summer 2022, as referenced in Paragraph 45 of the Complaint.

30.    All communications between Stillitano and any soccer tournament (or its agents), including, without limitation, UEFA Champions League regarding the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, documents concerning any soccer events to occur after May 7, 2021.

31.     All communications between Stillitano and any media company (or its agents), including, without limitation, Anschutz Entertainment Group ("AEG"), Soccer United Marketing, and ESPN regarding the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, documents concerning the organization or marketing of any soccer events to occur after May 7, 2021.

32.     All communications between Stillitano and S22 USA Inc. ("S22") (or its agents) regarding the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, documents concerning the organization or marketing of any soccer events to occur after May 7, 2021.

33.     All contracts, agreements and term sheets between Stillitano (and his agents and/or business partners) and S22.

34.     All communications between Stillitano and any branding agency (or its agents), including, without limitation, Socios.com, regarding the subject matter of the Action, the allegations asserted in the Complaint and/or PI Application, and/or the damages or other relief sought in the Complaint and/or PI Application, including, without limitation, documents concerning the sponsorship or marketing of any soccer events to occur after May 7, 2021.

35.     All documents concerning the reduction of Stillitano's salary at Relevent, effective May 1, 2020, as referenced in Paragraph 31 of the Complaint.

36.     All documents concerning Stillitano's request to terminate his employment with Relevent, as referenced in Paragraph 32 of the Complaint.

37.     All documents concerning Relevent's letter to Stillitano, dated February 1, 2022, as referenced in Paragraph 39 of the Complaint.

38.     All documents concerning Stillitano's letter to Relevent, dated February 7, 2022, as referenced in Paragraph 40 of the Complaint.

39.     All Relevent Confidential Information in Stillitano's custody and control, including, without limitation, rights fee agreements with European Football Clubs and/or Performance Venues, marketing materials, and financial and performance metrics.

40.     All documents that Stillitano has taken or removed from Relevent's premises, including, without limitation, written, printed or electronic files; emails; computer disks, USB flash drives, and other storage devices;  and other information reduced to any recorded format or medium that contain, summarize, abstract or otherwise concern Relevent's Confidential Information.

41.     All documents identified in response to Relevent's First Expedited Set of Interrogatories to Stillitano.

42.     All documents that Stillitano intends to introduce at the hearing in this Action presently scheduled for April 22, 2022.

43.     All documents that contain or otherwise relate to facts that refute, in any way, any allegations in the Complaint.

44.     All affidavits, sworn statements, notes, and other documents sent to, received from, or otherwise relating to any person that Stillitano intend to call as a witness at the upcoming hearing of this Action, either in person, through deposition testimony, or through an affidavit.

45.     All social media postings relating to the allegations in the Complaint, including,

without limitation, postings on Facebook, Instagram, Snapchat, Twitter, YouTube, blogs, wikis,

and other social media sites.

Dated: New York, New York
        April 11, 2022

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By:  /s/ Harris M. Mufson
                                             Harris M. Mufson
                                             200 Park Avenue
                                             New York, NY 10166
                                             Tel.:  212.351.3805
                                             Fax:  212.817.9505
                                             hmufson@gibsondunn.com

                                        *Attorneys for Plaintiff Relevent Sports, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I served a copy of the foregoing document on the

following parties in the manner indicated:

BY ELECTRONIC MAIL

Benjamin S. Noren, Esq.
Larry Hutcher, Esq.
William H. Mack, Esq.
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158
bn@dhclegal.com
lkh@dhclegal.com
whm@dhclegal.com

*Counsel for Defendant Carmelo Stillitano.*

 */s/ Harris M. Mufson*
Harris M. Mufson