UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| RELEVENT SPORTS, LLC,<br><br>               Plaintiff,<br><br>  - against -<br><br>CARMELO STILLITANO,<br><br>               Defendant. | Case No: 1:22-cv-02917-VM<br><br>**Oral Argument Requested** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFF RELEVENT SPORTS, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS**

<br><br>

GIBSON, DUNN & CRUTCHER LLP

Harris M. Mufson
200 Park Avenue
New York, NY 10166
Tel.: 212.351.3805
Fax: 212.817.9505
hmufson@gibsondunn.com

*Attorneys for Plaintiff Relevent Sports, LLC*

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ................................................................................................ 1

**BACKGROUND** ........................................................................................................................ 1

**ARGUMENT** .............................................................................................................................. 3

    I.    Relevent Is Entitled to Recover Its Attorneys' Fees and Costs. ............................ 3

        A.    The Indemnification Provision is Enforceable. ......................................... 3

        B.    The Attorneys' Fees Requested by Relevent Are Reasonable................... 5

            1.    The Requested Rates Are Reasonable and Reflect the Caliber of Lawyering, the Difficulty of the Matter, and the Results Achieved ......................................................................................... 6

            2.    The Hours Expended to Litigate This Matter Were Reasonable and Necessary to Obtain a Successful Outcome for Relevent ........................................................................................................ 9

    II.    Relevent Is Also Entitled to Costs and Expenses. ............................................... 11

**CONCLUSION** ........................................................................................................................ 12

**Cases**

*In re "Agent Orange" Prod. Liab. Litig.*,
   818 F.2d 226 (2d Cir. 1987)..................................................................................................7, 8

*APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*,
   2018 WL 5784544 (S.D.N.Y. Nov. 5, 2018)................................................................................8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany
   Cty. Bd. of Elections*,
   522 F.3d 182 (2d Cir. 2008)........................................................................................................6

*Berkley Reg'l Ins. Co. v. Weir Bros.*,
   2013 WL 6020785 (S.D.N.Y. Nov. 6, 2013)...............................................................................4

*Ceglia v. Zuckerberg*,
   2012 WL 503810 (W.D.N.Y. Feb. 14, 2012) .............................................................................8

*Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*,
   34 F.3d 1148 (2d Cir. 1994).......................................................................................................7

*Danaher Corp. v. Travelers Indem. Co.*,
   2014 WL 4898754 (S.D.N.Y. Sept. 30, 2014)............................................................................6

*Deferio v. City of Syracuse*,
   2018 WL 3069200 (N.D.N.Y. June 21, 2018)............................................................................5

*Himmel v. Country in New York, LLC*,
   2011 WL 31045 (S.D.N.Y. Jan. 4, 2011) .................................................................................11

*Hooper Assocs., Ltd. v. AGS Computs., Inc.*,
   74 N.Y.2d 487 (1989) ................................................................................................................4

*HSH Nordbank AG N.Y. Branch v. Swerdlow*,
   2010 WL 1141145 (S.D.N.Y. Mar. 24, 2010) ...........................................................................7

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*,
   2008 WL 4613752 (S.D.N.Y. Oct. 17, 2008) ..........................................................................12

*Marion S. Mishkin Law Office v. Lopalo*,
   767 F.3d 144 (2d Cir. 2014).......................................................................................................6

*McGuire v. Russell Miller, Inc.*,
   1 F.3d 1306 (2d Cir. 1993).....................................................................................................3, 4

*MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*,
   2017 WL 1194372 (S.D.N.Y. Mar. 30, 2017)............................................................................8

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
   711 F.2d 1136 (2d Cir. 1983)..................................................................................10

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
   537 F.3d 168 (2d Cir. 2008)......................................................................................4

*Ray Haluch Gravel Co. v. Central Pension Fund of Intern. Union of Operating
   Engineers and Participating Employers*,
   571 U.S. 177 (2014)................................................................................................10

*Sery v. Medina*,
   2016 WL 3282491 (S.D.N.Y. June 10, 2016) .........................................................11

*Simmons v. N.Y.C. Transit Auth.*,
   575 F.3d 170 (2d Cir. 2009)......................................................................................6

*St. Paul Mercury Ins. Co. v. M & T Bank Corp.*,
   2014 WL 641438 (S.D.N.Y. Feb. 19, 2014).............................................................4

*TufAmerica, Inc. v. Diamond*,
   2016 WL 1029553 (S.D.N.Y. Mar. 9, 2016) ..........................................................11

*U.S. Bank Nat'l U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Mkts.*,
   2016 WL 6996176 (S.D.N.Y. Nov. 30, 2016)..........................................................8

*U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*,
   369 F.3d 34 (2d Cir. 2004)........................................................................................4

*U.S. Football League v. Nat'l Football League*,
   887 F.2d 408 (2d Cir. 1989)....................................................................................11

*Vista Outdoor Inc. v. Reeves Family Tr.*,
   2018 WL 3104631 (S.D.N.Y. May 24, 2018) ......................................................7, 8

*Weyant v. Okst*,
   198 F.3d 311 (2d Cir. 1999)....................................................................................11

**Other Authorities**

Fed. R. Civ. P. 54(d)(2) Advisory Committee's Note (1993)........................................5

## PRELIMINARY STATEMENT

Plaintiff Relevent Sports, LLC ("Relevent") is contractually entitled to the fees and costs that it expended to enforce its Employee Covenants Agreement dated June 21, 2018 (the "Covenants Agreement") with Defendant Carmelo "Charlie" Stillitano ("Stillitano").

Stillitano, Relevent's Co-Founder and former Executive Chairman, freely admits that he breached the non-competition and non-solicitation provisions in the Covenants Agreement by, among other things, attempting to replicate Relevent's core business and interfering with Relevent's business partners. By Order dated April 18, 2022, this Court held that the Covenants Agreement is enforceable and enjoined Stillitano and his business partners from violating the Covenants Agreement through the remainder of the restricted period set forth therein (*i.e.*, May 7, 2022).

Stillitano explicitly agreed in the Covenants Agreement that he is required to pay Relevent for "any and all losses, costs, fees (including, without limitation, reasonable attorneys' fees), expenses, disbursements, and damages" arising from Relevent's "enforcement hereof." Declaration of Harris M. Mufson ("Mufson Decl.") Ex. 1, ¶ 8(d). This language is unmistakably clear, and the facts here are straightforward. Yet, Stillitano has refused to honor his contractual commitment. Accordingly, he should be ordered to pay the reasonable fees and costs to which Relevent is contractually entitled.

## BACKGROUND

Relevent is the leading soccer event management company in North America and Asia. Dkt. 1, ¶ 2. Given Stillitano's privileged access to Relevent's key business relationships and confidential information as its Executive Chairman, Stillitano agreed to the Covenants Agreement

1

and the twelve-month non-competition and non-solicitation obligations therein. *Id.* at ¶ 4. Section 8(d) of the Covenants Agreement (the "Indemnification Provision") provides:

> In the event Executive violates any of the terms of this Covenants Agreement, Executive agrees to indemnify, hold harmless and reimburse the Company Group for any and all losses, costs, fees (including, without limitation, reasonable attorneys' fees), expenses, disbursements, and damages of the Company Group in connection with the enforcement hereof.

Mufson Decl. Ex. 1, ¶ 8(d).[1]

Following Stillitano's departure in the spring of 2021, Relevent learned that Stillitano was directly competing with Relevent and soliciting its business partners. Dkt. 1, ¶ 5. Relevent sought to enforce the Covenants Agreement by, *inter alia*, sending cease and desist letters to Stillitano and his business partners, and engaging in discussions with Stillitano and his counsel regarding his contractual obligations. *Id.* at ¶¶ 39–47. When this proved futile, Relevent was left with no alternative but to commence this action against Stillitano on April 7, 2022 to seek a temporary restraining order, preliminary injunction, and expedited discovery. *Id.* at ¶ 47; *see* Dkt. 1–6.

The next day, April 8, 2022, this Court issued an Order temporarily enjoining Stillitano and his business partners from violating the Covenants Agreement and permitting expedited discovery in advance of the preliminary injunction hearing (the "April 8 Order"). Dkt. 8. Pursuant to the April 8 Order, Relevent duly served discovery requests upon Stillitano, which Stillitano ignored. Mufson Decl. ¶ 9; Mufson Decl. Ex. 3.

On April 14, 2022, Stillitano submitted his opposition papers. Dkt. 18–19. In those papers, Stillitano admitted that he "was actively participating in conduct which arguably was in violation of the restrictive covenant." Dkt. 18 at 6. The Court agreed. At the April 18, 2022 preliminary injunction hearing, the Court issued an Order granting Relevent's preliminary injunction

---

[1] In the Covenants Agreement, "Executive" refers to Stillitano and "Company Group" refers to Relevent and its parents, subsidiaries, and affiliates.

application and enjoining Stillitano and his business partners "from violating any and all terms within the Covenants Agreement" until May 7, 2022 (the "April 18 Order"). Dkt. 24. The Court held that the Covenants Agreement, as well as the non-competition and non-solicitation provision, were enforceable. Mufson Decl. Ex. 4, 26:24–27:4; 28:18–21. The Court further found that "***it is undisputed that there was a breach of the non-compete agreement by Mr. Stillitano*** . . . where an employee engages in direct open competition with his former employer in violation of a clear non-compete clause." *Id.* at 27:6–27:12 (emphasis added). On April 27, 2022, Stillitano filed a Notice of Appeal of the Court's April 18 Order.[2] Dkt. 27.

On April 28, 2022, Relevent requested that Stillitano reimburse Relevent for its reasonable attorneys' fees and costs incurred in enforcing the Covenants Agreement. Mufson Decl. ¶ 13; Ex. 5. In response, Stillitano's counsel stated that "there is no way these expenses are going to be paid." Mufson Decl. Ex. 5. This motion follows because, once again, Stillitano has left Relevent with no alternative but to seek judicial intervention to enforce its contractual rights.

## ARGUMENT

### I.  Relevent Is Entitled to Recover Its Attorneys' Fees and Costs.

#### A.  The Indemnification Provision is Enforceable.

The Second Circuit has held that parties may agree by contract to permit the recovery of attorneys' fees, and "a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993); *see also U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d Cir. 2004) (same). Notably, where "a contract authorizes an award of attorneys' fees, such an award becomes

---

[2] Relevent expressly reserves, and does not waive, its right to seek additional attorneys' fees and costs incurred in the continued enforcement of the Covenants Agreement, including, without limitation, opposing Stillitano's appeal of the Court's April 18 Order.

the rule rather than the exception." *McGuire*, 1 F.3d at 1313. Under New York law, such contractual provisions are presumptively valid and enforceable as long as it is "unmistakably clear from the language of the promise." *Hooper Assocs., Ltd. v. AGS Computs., Inc.*, 74 N.Y.2d 487, 492 (1989); *see also NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) ("Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear.")

Courts regularly award attorneys' fees and costs where, as here, Stillitano clearly agreed to indemnify Relevent for fees associated with the enforcement of the contract. *See, e.g.*, *Berkley Reg'l Ins. Co. v. Weir Bros.*, 2013 WL 6020785, at *12 (S.D.N.Y. Nov. 6, 2013) (finding "contract clearly entitles Plaintiff to indemnification for costs incurred in its enforcement of the Indemnity Agreement and therefore it plainly covers attorneys' fees and any other costs which were incurred by virtue of Plaintiff's prosecution of [] this action"); *St. Paul Mercury Ins. Co. v. M & T Bank Corp.*, 2014 WL 641438, at *11 (S.D.N.Y. Feb. 19, 2014) (citing *Hooper*, 74 N.Y.2d at 492) (noting that the indemnification provision "makes 'unmistakably clear' the parties' intention to shift the responsibility for [plaintiff's] court costs and attorney's fees to [the defendant] in the event of the latter's breach") .

The Indemnification Provision is enforceable because it makes unmistakably clear that if Stillitano violates the Covenants Agreement, Relevent is entitled to attorneys' fees and costs (among other things) that it expended to enforce the agreement. Specifically, Stillitano expressly agreed to "indemnify, hold harmless and reimburse" Relevent for "any and all losses, costs, fees (including, without limitation, reasonable attorneys' fees), expenses, disbursements, and damages" in connection with Relevent's enforcement of the Covenants Agreement. Mufson Decl. Ex. 1, ¶

4

8(d). This Court unequivocally held that that the Covenants Agreement is enforceable and that Stillitano breached. *See* Dkt. 24. Therefore, Relevent is contractually entitled to its fees and costs. To the extent Stillitano argues the Court should not grant Relevent's motion because he has filed a notice of appeal, his argument should be rejected. "If an appeal on the merits of the case is taken, the court may [still] rule on the claim for fees . . . ." Fed. R. Civ. P. 54(d)(2) Advisory Committee's Note (1993). Indeed, as the court in *Deferio v. City of Syracuse*, 2018 WL 3069200, at *2 (N.D.N.Y. June 21, 2018) recognized, deferring a ruling on attorneys' fees until resolution of a pending appeal "run[s] contrary to the Second Circuit's teaching that Rule 54(d) and its time limit for submitting fee applications are intended to avoid 'piecemeal appeals' by consolidating appellate resolution of fee award disputes with other, substantive arguments raised on appeal." In light of Stillitano's admission that he has brazenly violated the Covenants Agreement and refusal to answer the expedited discovery ordered by the Court, there is no reason to delay adjudication of Relevent's motion.

### B. The Attorneys' Fees Requested by Relevent Are Reasonable.

Relevent's attorneys' fees and costs are reasonable and therefore should be awarded in full. This was a matter of extreme sensitivity and importance to Relevent, warranting sophisticated counsel. Stillitano was a senior-most executive at Relevent with unfettered access to its highly confidential and proprietary information. Beyond that, Stillitano is a high-profile figure with a specialized skillset in the international soccer industry, and as Executive Chairman, he was responsible for cultivating Relevent's most valuable business relationships with European soccer clubs, large-scale venues, and major media organizations. In sum, Stillitano was uniquely positioned to irreparably harm Relevent when he began replicating its core business of producing soccer events in violation of his Covenants Agreement.

Stillitano's infliction and risk of further irreparable harm necessitated Relevent to retain

highly experienced, capable litigation counsel. Relevent seeks to recover $304,170.76 in attorneys' fees and costs charged by its counsel, Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), through April 30, 2022, which consists of $301,754.00 in fees for 321.7 hours of work performed by Gibson Dunn attorneys and litigation support staff, and $2,416.76 in costs incurred by Gibson Dunn on behalf of Relevent. Mufson Decl. ¶ 14; Ex. 6. The amount of costs and attorneys' fees requested here reflects the amount actually incurred by Relevent, *see* Mufson Decl. ¶ 14; Ex. 6.[3] Further, as discussed below, the rates and time charged are reasonable and should be fully awarded.

           **1.**      **The Requested Rates Are Reasonable and Reflect the Caliber of Lawyering, the Difficulty of the Matter, and the Results Achieved.**

Courts have repeatedly held that "[t]he presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citation and internal quotation marks omitted); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008) ("The reasonable hourly rate is the rate a paying client would be willing to pay."); *Danaher Corp. v. Travelers Indem. Co.*, 2014 WL 4898754, at *2 (S.D.N.Y. Sept. 30, 2014) (internal citation omitted) ("[T]he amount actually paid to counsel by paying clients is compelling evidence of a reasonable market rate."). Given that the amount of litigation costs requested here reflects the payment agreed to by Relevent (*see* Mufson Decl. ¶ 14; Ex. 6), Relevent is entitled to a presumption of reasonableness.

In addition, in determining the reasonableness of attorneys' fees in the context of a

---

[3] Copies of Gibson Dunn's invoices and billing statement as submitted to Relevent are attached as proof of the work done, time spent, and costs incurred in this matter. Such evidence allows the Court to determine the reasonableness of the rates and hours. *See Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144 (2d Cir. 2014) (noting that submission of contemporaneous time records satisfies burden of proof).

contractual claim, courts may also examine a variety of other factors, including "the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged . . . for similar services; and the amount involved." *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 2010 WL 1141145, at \*6 (S.D.N.Y. Mar. 24, 2010) (internal quotation omitted) (applying New York law).  The relevant community for determining the reasonableness of rates is the "district in which the reviewing court sits," *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987), among lawyers of "reasonably comparable skill, experience, and reputation." *Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994); *see also Vista Outdoor Inc. v. Reeves Fam. Tr.*, 2018 WL 3104631, at \*6 (S.D.N.Y. May 24, 2018) (finding the relevant community to be "New York City 'big firm' market.")  All of these factors weigh in favor of finding that Relevent's attorneys' fees are reasonable.

*First*, this action presented difficulties that required both considerable time and skill on the part of Relevent's counsel.  Relevent bore the burden of persuading the Court to enforce the parties' Covenants Agreement and enjoin Stillitano from competing with Relevent.  This effort entailed extensive research on and briefing regarding various disparate issues involving restrictive covenants, breach of contract, and equitable relief.  Relevent's counsel also had to expend significant resources developing the factual record and analyzing documents to assemble the Verified Complaint.  *See* Dkt. 1.  Relevent's counsel also quickly prepared expedited discovery requests in advance of the preliminary hearing. *See* Mufson Decl. ¶ 9.

*Second*, the rates charged by Gibson Dunn and paid by Relevent also accord with the prevailing market rates in the Southern District of New York for attorneys of comparable skill and experience.  *See Agent Orange.*, 818 F.2d at 232.  For example, a 2019 survey of the prevailing

market rates for comparable legal services in *Legal Billing Report By Billing Rate*, published by Thomson Reuters, shows similar rates among peer firms in New York City. *See* Mufson Decl. ¶ 16; Ex. 7. The rates claimed in Relevent's fee application are within the range of reasonableness established for this market. *See MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (finding reasonable the hourly rates in excess of $1,000 charged by Gibson Dunn partners); *APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 2018 WL 5784544, at *5 (S.D.N.Y. Nov. 5, 2018) (approving hourly rates of up to $1,058.25); *U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Mkts.*, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (approving hourly rates of up to $1,055 and noting that "partner billing rates in excess of $1,000 an hour[] are by now not uncommon in the context of complex commercial litigation").

*Third*, the rates paid by Relevent are similar to those regularly charged to and paid by Gibson Dunn's clients. *See* Mufson Decl. ¶ 16. Gibson Dunn's customary rates are also routinely accepted as reasonable by courts. *See, e.g.*, *Vista Outdoor*, 2018 WL 3104631, at *6 (approving rates up to $1,260 for Gibson Dunn partners); *MSC Mediterranean*, 2017 WL 1194372, at *3 (finding that Gibson Dunn's "rates are reasonable under the circumstances, given the experience and work performed by the particular individuals"); *Ceglia v. Zuckerberg*, 2012 WL 503810, at *14–16 (W.D.N.Y. Feb. 14, 2012) (noting that "Gibson Dunn's hourly billing rates are in line with the prevailing market rates for attorneys of similar credentials at large New York City law firms.")

*Fourth*, Gibson Dunn was well-qualified to represent Relevent in this litigation. Gibson Dunn is an exceptional law firm and its litigation department has been recognized as the "Litigation Department of The Year" by *The American Lawyer* for 2010, 2012, 2016, and 2020 (the award is bestowed biannually). Mufson Decl. ¶ 17. In particular, Gibson Dunn's Labor and Employment

8

Practice Group has been named as the Litigation Department of the Year for 2021 by both *The American Lawyer* and *Law360*. *See id.*; Mufson Decl. Ex. 8. Harris M. Mufson, a litigation partner at Gibson Dunn, represented Relevent in this matter, and has worked in the industry for more than 16 years, with extensive experience litigating disputes arising from complex, significant employment issues, including at trial. Mufson Decl. ¶ 18. Mr. Mufson is a member of the Labor and Employment Practice Group and Co-Chair of the firm's Whistleblower Team. He has been recognized as a "Labor & Employment Star" by *Benchmark Litigation's Guide to America's Leading Litigation Firms and Attorneys*, as well as a "Rising Star" by *New York Super Lawyers – Metro Edition* every year since 2014, and in 2020, was also identified as a "Rising Star" by the *New York Law Journal*. *See id.* at Ex. 9. This case demanded the services of experienced and sophisticated legal counsel, which Gibson Dunn provided. Moreover, mindful of the importance of efficiency, Gibson Dunn leanly staffed this matter with a small team. *Id.* at ¶ 20.

### 2. The Hours Expended to Litigate This Matter Were Reasonable and Necessary to Obtain a Successful Outcome for Relevent

Bringing this lawsuit required a substantial amount of attorney time, which reflects the complexity of the factual background, the multiple legal issues, and the urgency and importance of the outcome of this case to Relevent.

Gibson Dunn's contemporaneous monthly time records, describing the work performed on this matter by Gibson Dunn attorneys and litigation support staff, identify 321.7 hours of work by Gibson Dunn attorneys and litigation support staff in connection with this litigation and, for each entry, specify "the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *see* Mufson Decl. ¶ 14. In these records, each timekeeper recorded his or her time contemporaneously in tenths of hours and provided a detailed description of the services rendered. Mufson Decl. ¶ 15.

The hours for which Relevent seeks recovery were reasonable given the scope of this litigation and were necessary to obtain a successful outcome. Relevent's requested fee award reflects the tasks that were necessary to prevail in this lawsuit. Specifically, Relevent seek costs and fees incurred principally in (1) sending demand letters to Stillitano and his business partners to comply with the Covenants Agreement; (2) engaging in discussions with Stillitano's counsel regarding his contractual obligations; (3) conducting initial factual diligence, developing the factual record, and organizing a chronology of events; (4) conducting substantial legal research; (5) strategizing with Relevent; (6) preparing the application for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery and the accompanying research; (7) assembling Stillitano's deposition notice and discovery requests pursuant to the April 8 Order; (8) preparing for the oral argument and the accompanying research; and (9) preparing the motion for attorneys' fees and costs and the accompanying research. *Id*. ¶ 19.

The plain language of the Indemnification Provision encompasses Relevent's pre-litigation efforts to ensure Stillitano's compliance with his contractual obligations. Mufson Decl. Ex. 1, ¶8(d). Moreover, it is well-settled that a prevailing party, like Relevent, may recover fees and costs incurred in preparation of litigation before a complaint is filed. *See, e.g.*, *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers and Participating Emps.*, 571 U.S. 177, 189–90 (2014) (describing as commonly recoverable costs "investigation, preliminary legal research, drafting of demand letters, and working on the initial complaint" as "standard preliminary steps toward litigation.")

Finally, as provided by the Indemnification Provision and in order to make Relevent whole, counsel prepared this fee application consisting of a motion for attorneys' fees and costs, memorandum of law in support of the motion, factual declaration, and exhibits. Relevent is

entitled to attorneys' fees for the time reasonably spent preparing this fee application. *See, e.g., Himmel v. Country in New York, LLC*, 2011 WL 31045, at *3 (S.D.N.Y. Jan. 4, 2011) ("In general, a party that has been awarded attorneys' fees is entitled to recover the reasonable cost of making a fee application.") (citing *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("a reasonable fee should be awarded for time reasonably spent in preparing an application for . . . fees."))

Given all of this work, the time spent and the fees incurred were reasonable under the circumstances and are supported by detailed time records.

## II. Relevent Is Also Entitled to Costs and Expenses.

In addition to attorneys' fees, the Indemnification Provision provides that Stillitano "agrees to indemnify . . . for any and all losses, costs, fees . . . , expenses, disbursements, and damages." Mufson Decl. Ex. 1, ¶ 8(d). For the same reasons articulated above, this provision is valid and enforceable as to Stillitano, and courts routinely grant such requests. The Second Circuit has consistently held that "attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *TufAmerica Inc. v. Diamond*, 2016 WL 1029553, at *7 (S.D.N.Y. Mar. 9, 2016) (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)); *see also Sery v. Medina*, 2016 WL 3282491, at *5 (S.D.N.Y. June 10, 2016) (granting the prevailing party the "the filing fee, fees for service of process, printing and copies, and costs associated with presenting evidence for trial.")

Relevent seeks recovery of costs and expenses relating to the work of its attorneys and litigation support staff on this matter, which were reasonable and necessary to obtain a successful outcome. The costs include, *inter alia*, electronic legal research, filing fees, postage, and messenger and courier delivery services. *See* Mufson Decl. ¶ 15; Ex. 6. The total amount of costs and expenses incurred by Gibson Dunn through April 30, 2022 is $2,416.76. Mufson Decl. Ex. 6. These costs are reasonable because they are not associated with ordinary office overhead, but

instead relate to identifiable "out-of-pocket expenses incurred by attorneys *and ordinarily charged to their clients*." *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at *18 (S.D.N.Y. Oct. 17, 2008) (emphasis in original) (citation omitted).

## **CONCLUSION**

For the foregoing reasons, Relevent respectfully requests that this Court grant its motion for attorneys' fees and costs and order Stillitano to pay $304,170.76 within fourteen days of this Court's order, together with such further relief as appropriate.

Dated: New York, New York
May 2, 2022

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Harris M. Mufson*
Harris M. Mufson
200 Park Avenue
New York, NY 10166
Tel.: 212.351.3805
Fax: 212.817.9505
hmufson@gibsondunn.com

*Attorneys for Plaintiff Relevent Sports, LLC*