UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

RELEVENT SPORTS, LLC

                Plaintiff,

           - against –

CARMELO STILLITANO

                Defendant.

-------------------------------------------------------------------x

Case No. 22-cv-2917

**ANSWER**

Defendant Carmelo Stillitano ("Stillitano" or "Defendant"), by and through his attorneys, Davidoff Hutcher & Citron LLP, as and for his Answer to the Verified Complaint ("Complaint") of Plaintiff Relevent Sports, LLC ("Relevent," or "Company," or "Plaintiff"), dated April 7, 2022, deny each and every allegation contained in the Complaint except as admitted or otherwise qualified herein, and allege on knowledge with respect to himself and his own acts and on information and belief as to all other matters respond as follows:

### *Introduction*

1.      The allegations contained in Paragraph 1 of the Complaint contain conclusions of law, and therefore no response is required. To the extent, if any, a response is deemed to be required Defendant denies the allegations.

2.      The allegations contained in Paragraph 2 of the Complaint contains opinion and conjecture, and therefore no response is required. To the extent, if any, a response is deemed to be required Defendant denies the allegations.

3.      Deny the allegations contained in Paragraph 3 of the Complaint, except admits that Stillitano was Relevent's Co-Founder and Executive Chairman through May 7, 2021, and was responsible for developing Relevent's business strategies and fostering key business relationships and partnerships.

4.      Deny the allegations contained in Paragraph 4 of the Complaint.  In July 2018, Relevent and Stillitano entered into an Employment Agreement, Restrictive Covenants Agreement ("Covenants Agreement"), and Unit Award Agreement, that governed their relationship until Stillitano was terminated (without cause) in May 2021.  These three agreements constitute a single and integrated agreement governing Stillitano's employment by the Company (referred to collectively as the "Contract").  Stillitano refers to the Contract for the true and complete contents thereof.

5.      Deny the allegations of Paragraph 5 of the Complaint.  Stillitano did not "depart" Relevent, he was terminated (without cause) on May 7, 2021.

6.      The allegations contained in Paragraph 6 of the Complaint contain conclusions of law, and therefore no response is required. To the extent, if any, a response is deemed to be required Defendant denies the allegations.

### *The Parties*

7.      Admit the allegations of Paragraph 7 of the Complaint.

8.      Admit the allegations of Paragraph 8 of the Complaint.

### *Jurisdiction and Venue*

9.      The allegations contained in Paragraph 9 of the Complaint contain conclusions of law, and therefore no response is required. To the extent, if any, a response is deemed to be required Defendant denies the allegations.

10.     The allegations contained in Paragraph 10 of the Complaint contain conclusions of law, and therefore no response is required. To the extent, if any, a response is deemed to be required Defendant denies the allegations, and respectfully refers this Court to the Covenants Agreement for the true and correct contents thereof.

11.     The allegations contained in Paragraph 11 of the Complaint contain conclusions

of law, and therefore no response is required. To the extent, if any, a response is deemed to be required Defendant denies the allegations.

### *Factual Background*

I.       **Relevent.**

12.     Admit the allegations of Paragraph 12 of the Complaint.

13.     Admit the allegations of Paragraph 13 of the Complaint.

14.     Deny the allegations of Paragraph 14 of the Complaint.  Relevent's business is dependent on many factors.

15.     Deny the allegations of Paragraph 15 of the Complaint.  Relevent's success is due entirely to the efforts of Stillitano.

II.      **Charlie Stillitano.**

16.     Admit the allegations of Paragraph 16 of the Complaint.

17.     Admit the allegations of Paragraph 17 of the Complaint.

18.     Admit the allegations of Paragraph 18 of the Complaint.

19.     Deny the allegations of Paragraph 19 of the Complaint. Relevent did not have proprietary information and/or trade secrets.

20.      Deny the allegations of Paragraph 20 of the Complaint. The fee agreements were not confidential.

21.     Deny the allegations of Paragraph 21 of the Complaint. Relevent's marketing strategies were not confidential.

22.     Deny the allegations of Paragraph 22 of the Complaint. The agreements between Relevent and large venues were not confidential.

23.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

### III.    Stillitano's Covenants Agreement.

24.     Admit the allegations of Paragraph 24 of the Complaint, but refers to the Contract for the true and correct contents thereof.

25.     Admit the allegations of Paragraph 25 of the Complaint.

26.     Deny the allegations contained in Paragraph 26 of the Complaint, and refers to the Covenants Agreement for the true and complete contents thereof.

27.     Deny the allegations contained in Paragraph 27 of the Complaint, and refers to the Covenants Agreement for the true and complete contents thereof.

28.     Deny the allegations contained in Paragraph 28 of the Complaint, and refers to the Covenants Agreement for the true and complete contents thereof.

29.     Deny the allegations contained in Paragraph 29 of the Complaint, and refers to the Covenants Agreement for the true and complete contents thereof.

30.     Deny the allegations contained in Paragraph 30 of the Complaint, and refers to the Covenants Agreement for the true and complete contents thereof.

### IV.    Stillitano Violates the Covenants Agreement.

31.     Deny the allegations contained in Paragraph 31 of the Complaint. On or about April 17, 2020, following the onset of the COVID-19 emergency, the Company breached the Contract by unilaterally advising Stillitano that, effective May 1, 2020, it would temporarily reduce his Base Salary by approximately 70%, to approximately $200,000 *per annum*. Stillitano immediately raised this issue with Company representatives. Stillitano first went to Company President Daniel Sillman to voice his objections. During that conversation, Sillman assured Stillitano that it was not a reduction but a temporary Covid-related "deferral," similar to the action many businesses had taken during that difficult time. He unequivocally said that any shortfall in salary due to this deferral had been earned and would be repaid to Stillitano. To

afford Stillitano further assurances, Sillman urged him to speak with Diana Nelson, a C-Level executive in charge of Relevent's human resources.  Nelson acknowledged and confirmed that this reduction was a short term "deferral" to help alleviate COVID-related cash flow issues.  She reassured Stillitano that the substantial shortfall in his Base Salary would be repaid to him in the near future.  She even advised Stillitano that Relevent had consulted with counsel who had unequivocally determined that the Company had the obligation to pay him his Base Salary shortfall, and that the Company would do so.

32.     Deny the allegations of Paragraph 32 of the Complaint.  Stillitano did not request to be terminated.

33.     Deny the allegations of Paragraph 33 of the Complaint, except admits that Relevent paid Stillitano some, but not all severance benefits between June 15, 2021 and January 2022.

34.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint.

35.     Deny the allegations of Paragraph 35 of the Complaint, and respectfully refers the Court to the referenced Exhibits (4 and 5) for the true and complete contents thereof.

36.     Deny the allegations of Paragraph 36 of the Complaint, and respectfully refers the Court to the referenced Exhibit 6 for the true and complete contents thereof.

37.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38.     Deny the allegations of Paragraph 38 of the Complaint.  Not only did Relevent fail to object, it actually took steps to encourage and assist Stillitano.

39.     Deny the allegations of Paragraph 39 of the Complaint, and respectfully refers the Court to the referenced Exhibit 7 for the true and complete contents thereof.

40.     Deny the allegations of Paragraph 40 of the Complaint, and respectfully refers the Court to the referenced Exhibit 8 for the true and complete contents thereof.

41.     Deny the allegations of Paragraph 41 of the Complaint.  Stillitano elected to enter into settlement discussions, wherein Stillitano would agree to abide by the claimed restrictive covenant for a brief period of three months through May 7, 2022 *in exchange for* a substantial payment toward the amounts that were owed under the Contract as well as other consideration. However, these efforts were torpedoed when Relevent's attorneys suddenly demanded that Stillitano forfeit his 7% equity interest in Relevent.  Stillitano had earned that 7% equity position through bringing his contacts and relationships to Relevent, which dramatically enhanced the value of the Company. Stillitano refused to forfeit this equity, which he believes now has and, in the future, will have even greater value.  This unwarranted demand was based on Relevent's overwhelming greed and belief they could exploit Stillitano's need for the wages he was owed. Relevent's avarice caused the settlement efforts to collapse.

42.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint, and respectfully refers the Court to the referenced Exhibit 9 for the true and complete contents thereof.

46.     Deny the allegations of Paragraph 46 of the Complaint.  There was nothing confidential about the El Clasico.

47.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint, and respectfully refers the Court to the referenced Exhibit 10 for the true and complete contents thereof.

48.     Deny the allegations of Paragraph 48 of the Complaint.  Relevent could not contract with a club like Barcelona, because Relevent had already entered an exclusive media rights contract with UEFA for the United States, and these teams are active members of European Super League Company, the company that announced the Super League project last year and is engaged in ongoing litigation with UEFA in the European Union over antitrust concerns.  Thus, by early 2022 Relevent had given up on the notion of organizing and promoting a 2022 summer tournament.

### *First Cause of Action*
### (Breach of Contract)

49.     Defendant repeats and realleges each and every admission and denial in response to those paragraphs of the Complaint referred to in Paragraph 49 thereof as though fully set forth herein.

50.     Deny the allegations of Paragraph 50 of the Complaint. Stillitano was deprived of the "good and valuable consideration" due to Relevent's multiple and repeated breaches of the Contract.

51.     Deny the allegations of Paragraph 51 of the Complaint. Relevent has breached the Contract because, (1) it unilaterally reduced on a deferral basis Stillitano's salary from $650,000 to $200,000, in violation of Section 19(a) of the Employment Agreement; (2) failed to repay the deferred salary, in violation of Section 11(b) of the Employment Agreement; and (3) failed to make the Severance Payments required by Section 11(c)(i) of the Employment Agreement.

52.     Deny the allegations of Paragraph 52 of the Complaint.

53.     Deny the allegations of Paragraph 53 of the Complaint.

54.     Deny the allegations of Paragraph 54 of the Complaint.

55.     Deny the allegations of Paragraph 55 of the Complaint.

### *As to Complaint's Prayer for Relief*

56.     Deny that Plaintiff is entitled to any claim for relief, including but not limited to those claims alleged in the "Prayer for Relief" on pages 12-13 of the Complaint.

### *Jury Demand*

Pursuant to Federal Rule of Civil Procedure 38, Defendant hereby demands a trial by jury in the above-captioned action of all issues triable by jury

### *Affirmative Defenses*

Without assuming a burden as to any of the following Affirmative Defenses where the law does not impose such a burden, Defendant asserts the following Affirmative Defenses to the Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's cause of action is barred, in whole or in party by the doctrine of laches and waiver.

### Third Affirmative Defense

Plaintiff's cause of action is barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff has not incurred any damage arising from Defendant's alleged actions.

### Fifth Affirmative Defense

Plaintiff's cause of action is barred, in whole or in part, by the doctrine of equitable estoppel.

### Sixth Affirmative Defense

Any recovery by Plaintiff, if any, is barred by its fraud, misconduct, breaches of duty, and/or breaches of contract.

### Seventh Affirmative Defense

Plaintiff failed to mitigate its damages or reasonably try to mitigate damages, if any.

### Eighth Affirmative Defense

Plaintiff's cause of action is barred, in whole or in part, because Defendant's acts and/or omissions were ratified, accepted, acquiesced, and/or excused by Relevent.

### Ninth Affirmative Defense

Any and all claims asserted in the Complaint are barred by the statute of frauds.

### Tenth Affirmative Defense

Plaintiff is not entitled to equitable relief insofar as it has an adequate remedy at law.

### Eleventh Affirmative Defense

The disputed issues of fact raised in this Action, cannot be decided by this Court.  Rather, they must be referred to the Arbitration currently pending in the American Arbitration Association, which action was commenced by Stillitano pursuant to the terms of the Contract on March 24, 2022.  This Action should be dismissed or stayed, and transferred to the pending Arbitration (bearing AAA Case No. 01-22-0001-2522) before the American Arbitration Association.

### Additional Affirmative Defenses

In addition to the foregoing defenses, Defendant retains the right to amend their Answer to raise additional affirmative and other defenses as those defenses becomes known during this litigation.

**WHEREFORE**, Defendant respectfully requests judgment,

i.    Dismissing the Complaint in its entirety, with prejudice;

ii.   Denying each and every demand, claim, and prayer for relief contained in the Complaint.

iii.  Awarding to Defendant his legal fees, costs and disbursements and for such other and further relief as is just and proper.

Dated: New York, New York
        May 18, 2022

                                    DAVIDOFF HUTCHER & CITRON LLP


                                    By:  _/s/ Larry Hutcher_____
                                           Larry Hutcher
                                           William H. Mack
                                           Benjamin Noren
                                    605 Third Avenue
                                    New York, New York 10158
                                    (212) 557-7200

                                    *Attorneys for Defendant Carmelo Stillitano*